**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MICHAEL PATTON, et al.**                                                                 **PLAINTIFFS**

**v.**                                                          **CIVIL ACTION NO. 2:16-CV-186-KS-MTP**

**WAYNE COUNTY, MISSISSIPPI**                                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Reconsideration [151] filed by Plaintiffs, and the Motion to Alter or Amend Judgment ("Motion to Alter") [153] filed by Defendant Wayne County, Mississippi. After considering the submissions of the parties, the record, and the applicable law, the Court finds that neither motion is well taken and that both should be denied.

**I. BACKGROUND**

Sheriff Jody Ashley ("Sheriff Ashley") was elected Sheriff of Wayne County, Mississippi, in 2015, and took office in January 2016. Plaintiffs Michael Patton ("Patton"), Patrick Johnson ("Johnson"), Chartaviaunca Odom ("Odom"), Dawatha Pickens ("Pickens"), Mamie Turner ("Turner"), Reginald Evans ("Evans"), and DeAnthony Jones ("Jones") (collectively "Plaintiffs") were employed by the Sheriff Department under the previous administration headed by Sheriff Darryl Woodson ("Sheriff Woodson"). Plaintiffs are all African American. Prior to Sheriff Ashley taking office, Plaintiffs were informed that they would not have a job under the Ashley administration.

On November 3, 2016, Plaintiffs filed suit in this Court against Sheriff Ashley[1] and Wayne County, Mississippi (the "County"), bringing claims of racial discrimination under 42 U.S.C. § 1981 and Title VII, as well as claims under 42 U.S.C. § 1983 for violation of the Equal Protection

---
[1] Dismissed by Stipulation [9].

Clause. The County filed its Motion for Summary Judgment [135] on October 31, 2017. The Court issued its Order [150] granting in part and denying in part the motion on January 10, 2018. At issue in the current motions are the Court's ruling dismissing the claims of Patton, Odom, Johnson, and Everett, and its ruling regarding the liability of the County.

## II.  DISCUSSION

### A.  Standard of Review

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Both the Motion for Reconsideration [151] and the Motion to Alter [153] fall within this twenty-eight day period.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

2

B.   **Motion for Reconsideration [151]**

1.   **Deposition of Mike Mozingo**

The first argument Plaintiffs make in favor of reconsideration is that the Court erred in considering the testimony of Chief Mike Mozingo. Plaintiffs contend that it was error for the Court to consider Mozingo's testimony as to the reasons why Plaintiffs were not rehired because the decision came from Sheriff Ashley and not Mozingo. Plaintiffs, however, never made this argument in their response or sur-response, and it will not be considered now. *See Templet*, 367 F.3d at 478 (holding that Rule 59(e) motions are not the vehicle to assert arguments that could have been offered prior to judgment being entered).

2.   **Michael Patton**

Plaintiffs argue that the Court should not have considered the fact that there is no dispute that Patton cannot make a *prima facie* case of racial discrimination under § 1981 and Title VII and, even if the Court did consider this failure, Patton still adduced evidence showing that he had been treated differently than white deputies.

The Court acknowledged the apparent concession of the County that a *prima facie* case had been made by Plaintiffs and noted its confusion because, after the concession, the County went on to argue that certain elements of each Plaintiff's *prima facie* case was not met. (*See* Order [150] at pp. 4-5.) The Court went on to address the arguments that should have properly been directed at the *prima facie* case of each Plaintiff, because Plaintiffs had notice of these arguments and an opportunity to address them and because judicial economy was best served by addressing all the arguments at once. At best, Plaintiffs could argue that the Court improperly raised an issue *sua sponte* without given them notice and a reasonable time to respond as required by Federal Rule of

Civil Procedure 56(f).[2] However, that argument would fail because Plaintiffs had notice of the fatal flaw in Patton's *prima facie* case and actually addressed that flaw in response. (*See* Response [141] at p. 8.)

As explained in the Court's previous Order [150], Plaintiffs' discrimination claims under § 1981 and Title VII require that, before any other analysis is made, a *prima facie* case of discrimination *must be made*. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2001). If a plaintiff fails to establish a *prima facie* case, the discrimination claim fails and must be dismissed. *See id.* One of the elements of a *prima facie* case of discrimination requires that a plaintiff be "replaced by someone outside of the protected group." *Id.* at 426.

Patton's protected group is African Americans. It is undisputed that Patton was replaced by an African American.[3] Patton failed to establish a *prima facie* case of discrimination, and his discrimination claims were therefore rightfully dismissed. Any other evidence that Patton was treated differently than white deputies is irrelevant to the analysis of these claims.

### 3. Patrick Johnson

Plaintiffs argue that the Sheriff Ashley's opinion of Johnson's work ethic from previously working with him and the fact that Johnson often went on duty at home and stayed there for hours have not been sufficiently proven by the evidence, and that summary judgment should not have been granted against him. Plaintiffs once again display their misunderstanding of the *McDonnell* burden-shifting analysis.

---

[2] Plaintiffs do not raise this argument in their Motion for Reconsideration [151].
[3] Plaintiffs once again assert the argument, rejected but unaddressed in the Court's previous Order [150], that Alfred Hill, the African American who replaced Patton, was only hired because of his political support of Sheriff Ashley. That, however, would be discrimination on the basis of political affiliation, not race, and is not a claim that has ever been brought in this case.

4

After a plaintiff makes out a *prima facie* case of discrimination, the employer must provide a legitimate, non-discriminatory reason for the termination. *See Byers*, 209 F.3d at 425. The plaintiff must then prove that that reason is pretext. *See id*. There is no burden on the employer to prove his reason is *not* pretext. *See id.*

Here, the County gave two reasons for not re-hiring Johnson: (1) Sheriff Ashley's previous experience with his work ethic, and (2) the fact that he would clock in and stay at home. (*See* Order [150] at p. 6.) Though Plaintiffs offered Johnson's own declaration to rebut Sheriff Ashley's comments as to his past work experience, there was no evidence introduced to rebut the assertion that Johnson would often work at home or that any white employee was allowed to work from home.[4] Therefore, summary judgment was also appropriate against Johnson.

### 4. Chartavianca Odom

Plaintiffs argue that the Court must reconsider its dismissal of Odom's claims because, though she indisputably cannot make out a *prima facie* case of discrimination, the County conceded the *prima facie* argument for purposes of its summary judgment motion. As already explained by the Court, *see supra* II.B.2, the Court considered the apparent concession by the County and found that there was good cause to analyze Plaintiffs' *prima facie* cases regardless. Here, Odom had notice of the flaw in her *prima facie* case and an opportunity to respond. There is no dispute as to the fact that she was replaced by an African American, a member of her own protected class. Therefore, summary judgment was appropriate.

---

[4] This was one of the issues for which Mozingo's testimony was used. As previously stated, Plaintiffs did not originally argue that Mozingo's testimony should be disregarded because he was the decision maker and it will not be considered here.

### 5. Charles Everett

The Court dismissed Everett's claims of discrimination after Plaintiffs failed to rebut the issues Sheriff Ashley testified to having with his job performance. (*See* Order [150] at pp. 10-11.) Instead of attempting to rebut this reason given for Johnson's termination, Plaintiffs originally argued that the jury should decide its credibility. As the Court pointed out in its Order [150], though, Plaintiffs have the burden under the *McDonnell* burden-shifting analysis to adduce evidence showing that the purported reason is untrue or that, if true, race was still a motivating factor. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005) (quoting *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)). Though Plaintiffs attempt to argue against this reason now, the Court will consider no arguments that could and should have been brought in their original response. *See Templet*, 367 F.3d at 478. As such, summary judgment was appropriate against Everett.

Therefore, because the Court finds no error in its previous Order [150], the Motion for Reconsideration [151] will be **denied** in its entirety.

### C. Motion to Alter [153]

The County makes two arguments under its Motion to Alter [153]. First, they argue that the Court's rulings as to Patton, Johnson, Odom, and Everett's § 1983 claims conflict with its rulings as to their Title VII claims. The Court does not disagree that these rulings might be inconsistent, but the County never argued the merits of Plaintiffs § 1983 claims in its original motion nor did it ever suggest that a dismissal of the Title VII claims mandated a dismissal of the parallel § 1983 claims.[5] Instead, the County focused its arguments around whether it could be

---

[5] The County did briefly touch upon this argument in its Reply [143], but arguments presented for the first time in a reply brief are not considered and, even if the Court were to consider these arguments, they were presented in only a cursory manner.

liable under *Monell v. Department of Social Services*,[6] and whether Sheriff Ashley was a final policymaker of the County so that his decision to not rehire them created liability for the County.[7] (*See* Memo. in Support [136] at pp. 28-33). The Court will not alter its judgment based upon arguments not presented to it in the original motion.

The County also argues in its Motion to Alter [153] that the Court must alter its judgment because Sheriff Ashley was not a final policymaker. The County admitted in its original motion that it could be liable if "a single act of a final policymaker for the County was behind their alleged constitutional deprivation." (Memo. in Support [136] at p. 31.) While the Court admits that it was not clear that it was analyzing the County's arguments under this rule, as stated in *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005), the Court clearly found the argument that Sheriff Ashley was not a "final policymaker" at the relevant times "specious at best," reasoning that even if he were not,[8] he then made the decision to ratify the termination of the Plaintiffs and thereby creating liability for the County. (*See* Order [150] at p. 12.) The County brings forth arguments against ratification in its Motion to Alter [153], but again, these arguments were never presented to the Court in its original motion.[9]

Because the County wishes the Court to alter its judgment based upon arguments never presented in its original briefing, the Court finds that the Motion to Alter [153] should be **denied**.

---

[6] 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).
[7] The only § 1983 claim the County went into any detail for in its original motion was the one brought by Evans and is not at issue in the Motion to Alter [153].
[8] The Court never accepted the County's assertion that Sheriff Ashley was not a final policymaker.
[9] The County's argument that Sheriff Ashley's decision to not rehire Plaintiffs was not done in his capacity as sheriff is confusing, as the County also argues that some of the Plaintiffs were not technically terminated but rather not rehired by Sheriff Ashley. Regardless, the Court does not find their argument compelling and would need further authority cited if the County raises this argument again at trial.

7

## IV.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Reconsideration [151] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Alter [153] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 13th day of February, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE